## Quick v. Loss Run Coal Mining Company

*Boulton & Boulton,* for appellant; *Ralph H. Behney,* for appellee.

CHASE, P. J., March 24, 1931.—The facts involved in the determination of the issue before the court on this appeal are briefly as follows: John Quick, while working for the Loss Run Coal Mining Company, alleged injuries and filed a claim petition with the Bureau of Workmen's Compensation. A notice was sent to the Workmen's Compensation Board by its secretary, enclosing a copy of the claim petition, which was captioned as follows: "John Quick, claimant, *v.* The Smutzinger Coal Company, Jacob Smutzinger, defendant." The claim petition was filed against the Loss Run Coal Mining Company (Jacob Smutzinger, defendant). It will be noted that the compensation board erred in its notice of the parties to the insurance fund. This is the mistake on which this entire proceeding is based. On the date of filing the claim, the State Workmen's Insurance Fund was the compensation insurance carrier for the Smutzinger Coal Company, while the Pennsylvania Bituminous Casualty Company was the carrier for the Loss Run Coal Mining Company.

This cause was proceeded in as against the Smutzinger Coal Company; a hearing was had on the petition, a conclusion of law was drawn that the injury was in the course of employment within the provisions of the compensation act, and there was awarded $444. The referee found that the claimant had been in the employment of the Smutzinger Coal Company. The State Workmen's Insurance Fund appealed from this decision. The award was affirmed by the board and payment was made by the state insurance fund. Some time afterward, the State Workmen's Insurance Fund discovered that the claimant was in the employ of the Loss Run Coal Mining Company instead

of the Smutzinger Coal Company. On or about February 14, 1930, almost two years after the payment of the compensation by the insurance fund, a petition to review was filed, averring the error discovered on the part of the compensation board in making the State Workmen's Insurance Fund liable. This subject was referred to F. A. Hess, referee, for further hearing. On July 29, 1930, the Workmen's Compensation Board, having discovered the error, sustained an appeal from the referee, who dismissed the proceedings, and referred the matter back to the referee, with orders to give notice to all parties concerned. On October 9, 1930, the referee made a finding that the Pennsylvania Bituminous Casualty Company was the insurance carrier for the Loss Run Coal Mining Company, and awarded the claimant $444 as against the Pennsylvania Bituminous Casualty Company, as the correct carrier of the employer. On appeal, the board sustained this finding, and from the decision of the board an appeal was taken to this court. In referring this subject back to the referee the commissioner set forth: "We will, therefore, return the records to the referee for further hearing; that all parties in interest be notified of the hearing that they may appear and offer testimony if they so desire; that from the facts in the case the true defendant be determined and the award be modified, amended or made against such defendant." It will be noted that this cause was referred back solely for the purpose of determining who the defendant was in this claim. The referee set forth in his findings of facts: (1) "That all parties appeared at the rehearing held September 15, 1930. At that time none of the parties in interest introduced any testimony pertaining to the accident and the disability that befell the claimant."

The records in this proceeding clearly indicate these facts:

1. That there was an unlawful award made originally because of the neglect, failure or oversight of someone connected with the Workmen's Compensation Board.

2. That the defendants to the issue now before the court were never parties of record until this last proceeding was attempted—almost two years after the compensation was paid to the claimant under the erroneous order.

3. That this proceedings in no way attempted to provide a rehearing in order to permit the claimant to present his contention of injury in order to hold the defendant or appellant herein liable, or to give the defendant a chance to defend against the claim.

4. The intent, purpose and effect of this review was solely to determine who was the employer of the claimant and who was the employer's insurance carrier.

It seems to this court, under these facts on the records, that this is such a clear attempt to place liability upon a person without the right of having the controversy adjudicated, without securing the rights of a defendant, or without even the requirement that a claimant present evidence to sustain his contention of a right to recover, that discussion seems needless. This proceeding violates not simply technicalities but fundamental principles.

Now, March 24, 1931, the appeal is sustained and the award of the Workmen's Compensation Board sustaining the referee is reversed, at the costs of the appellee. Exceptions noted and bill sealed.

From John M. Urey, Clearfield, Pa.